### No. 7623.

### SUCCESSION OF WILLIAM WISE.

The Second District Court for the Parish of Orleans, as a Probate Court, was without jurisdiction in the matter of the rendition of an account by the surviving partner as liquidator of a partnership.  Walmsley and Patterson, Executors. vs. Mendelshon and Newman, 31 An. 152, affirmed.

A PPEAL from the Second District Court, parish of Orleans.   *Tissot*, J.

---

Chs. Louque for Appellant.

The liquidation of a deceased partner's interest was a matter cognizable before the Second District Court for the Parish of Orleans.

J. S. & J. T. Whitaker for Appellees.

The surviving partner has no absolute right to administer the effects of the partnership and wind up its affairs *ex parte* unless the succession is vacant and all the heirs are absent and not represented. He must give bond to and account for the administration to the legal representative of the succession.   The Probate Court deals

only with the representative of the succession, and not with the surviving partner, and has no jurisdiction except over the property actually belonging to the succession.

The opinion of the Court was delivered by

LEVY, J.  William Wise and C. H. Stewart composed the commercial partnership of Stewart & Wise, doing business in the city of New Orleans.  Wise died in August, 1878, having, by his last will, constituted Mrs. Florence Johnson his universal legatee.  Stewart, as surviving partner, applied to the Second District Court for the parish of Orleans to be appointed liquidator of the late partnership and was so appointed.

The liquidator proceeded under this appointment and filed in said Court his account of administration of the partnership affairs.  Mrs. Florence Johnson, the dative testamentary executrix of W. Wise, deceased, and universal legatee under his will, opposed said account, and before acting upon the opposition, the Judge of the Second District Court, *ex proprio motu*, dismissed the proceedings involving the application for homologation of the account and the opposition thereto, on the ground of want of jurisdiction in his said Court.  The liquidator, Stewart, has appealed from this judgment.

The question submitted for our decision is merely as to the jurisdiction of the Second District Court and the right of that Court to appoint the surviving partner of a commercial firm liquidator of the partnership.

We are not called upon to pass on the regularity of the appointment, the compliance or non-compliance with the requirements of law on the subject of such appointment, but our inquiries are confined solely to the consideration of this question of jurisdiction.

It is admitted in the briefs of both parties to this appeal, that the judgment of dismissal was rendered on the authority of the case of Walmsby & Patterson, Executors, vs. Mendelsohn and Newman, 31 An. 152.

In that case the Court held that the Probate Court was without jurisdiction in the matter of the rendition of an account by the surviving partner as liquidator of a partnership, and said : " The whole proceeding in the Probate Court seems to us to have been wrong.  We do not mean to say that, to the extent of the bond, the surviving partner and his surety are not accountable to the executors for the part and portion coming to the succession on the settlement of the partnership ; but the Probate Court was without jurisdiction to receive the account, or to amend it, or to homologate it, or to render judgment on it."

If this were a new question the argument contained in the brief of appellant's counsel might have great weight ; but the decision just

referred to is supported by that in the case of Boutté et al. vs. Boutté's Executors, and in Buddecke vs. Buddecke et al., 31 A. 572, and we are, therefore, not disposed to run counter thereto.

It is true, as stated by appellant, that the question of the jurisdiction of the Second District Court is of no practical importance now, as that Court has been merged with the Civil District Court of the parish of Orleans under the Constitution of 1879 ; and appellant may have the right to assert his claims to liquidate the partnership affairs in that tribunal.

It is, therefore, ordered that the judgment appealed from be affirmed at appellant's costs.